UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| TODD NOLAN SELLECK, SR. | Case No.: 24-00934-5-PWM |
| ANGELA RENE SELLECK | |
|     Debtors | |

**OBJECTION TO CONFIRMATION OF THE DEBTORS'
SECOND AMENDED CHAPTER 13 PLAN**

Now comes David Faulhaber ("Mr. Faulhaber"), by and through undersigned counsel, and respectfully submits this Objection to Confirmation of the Debtors' Second Amended Chapter 13 plan (the "Second Amended Plan"). In support hereof, Mr. Faulhaber shows the Court as follows:

BACKGROUND

1. On March 20, 2024, Todd Nolan Selleck, Sr. and Angela Rene Selleck (the "Debtors") filed a voluntary accelerated petition for relief under Chapter 13 to commence the above-referenced case.

2. On April 4, 2024, the Debtors filed their Schedules and Statements and their plan of reorganization.

3. On July 3, 2024, the Debtors filed an amended plan of reorganization, but provided no additional payments to general unsecured creditors.

4. On July 22, 2024, the Debtors filed the Second Amended Plan. Through the Second Amended Plan the Debtor propose to retain a 2023 GMC Yukon and a 2022 GMC Canyon. Additionally, the Debtors propose to pay a priority claim pursuant to 11 U.S.C. § 507(a)(7) to Ms. Keely Caverno for "deposits by individuals." Yet, the Debtors do not propose to make any payments to other creditors who made deposits to the male Debtor for services prepetition, which were not performed including Mr.

Faulhaber.

5. The Debtors' Schedule I lists their combined net income as $10,300.00 per month. The Debtors also explained in response to question number 13 on Schedule I that the male Debtor's income was estimated because his new job allows him to earn commissions and he "does side work."

6. The Debtors' Schedule J lists their monthly expenses as $7,718.01 per month.

7. The Debtors' are above-median for their household size; yet, their monthly disposable income as calculated in the Plan is -$3,823.53. The discrepancy between the Debtors' disposable income calculation and their net monthly income is in part due to their claimed expense deductions of recently purchased vehicles and a storage shed.

8. On May 29, 2024, the Movant filed Proof of Claim No. 45 asserting a general unsecured claim in the amount of $223,370.75 based on, *inter alia*, the male Debtor's breach of a contract to provide home remodeling services and damages related to that breach.

GROUNDS FOR OBJECTION

9. In order to confirm a plan of reorganization under Chapter 13 of the Bankruptcy Code, the requirements set forth in 11 U.S.C. § 1325 must be satisfied. The Plan, as proposed, does not satisfy the requirements of confirmation 11 U.S.C. § 1325(a)(3) because it has not been proposed in good faith. Further, the Plan is not feasible and is underfunded.

10. Specifically, the Plan has not been proposed in good faith because the Debtors are proposing to keep multiple new vehicles at the expense of their unsecured creditors. The vehicles the Debtors, who have a household size of two, are proposing to retain include but are not limited to:

- 2023 GMC Yukon (the "Yukon") with a monthly payment obligation of $1,251.22 and a total balance due of $71,901.61 according to Claim 3

    filed by AmeriCredit Financial Services, Inc.; and

- 2022 GMC Canyon (the "Canyon") with a monthly payment obligation of $578 and a total balance due of $35,139.00 according to the Debtors' schedules.

The Debtors' monthly payment obligation for the above three vehicles is $1,829.12.

  11. Yamaha Motor Finance Corporation, U.S.A. filed Claim 49 alleging to be owed a secured claim of $5,717.50 for a purchase money loan for a certain 2022 Yamaha YZ450F. Upon information and belief, a Yamaha YZ450F is a motorbike. The Debtors' schedules do not list that motorbike and the Second Amended Plan does not indicate whether the Debtors are intending to retain such motorbike. To the extent that the Debtors own the aforementioned motorbike, it is a luxury item and if retained would be retained at the expense of their general unsecured creditors.

  12. Additionally, the Debtors are proposing to retain their interest in Carl's Farm, LLC, which owns certain real property purchased shortly before the Petition Date. The Debtors scheduled the value of the ownership in Carl's Farm, LLC as $75,000.00 and exempted $10,000.00 of that value using their wildcard exemption pursuant to N.C. Gen. Stat. § 1C-1601(a)(2). The remaining $65,000.00 of value is unencumbered.

  13. The combined monthly payment obligations for the Yukon, the Canyon, the motorbike, and the storage unit unjustly depress the Debtors' disposable monthly income and indicate a lack of good faith in the filing of the Debtors' bankruptcy case and the Second Amended Plan. Thus, while the Plan appears to provide for all projected disposable income to be applied to unsecured creditors under 11 U.S.C. § 1325(b)(1)(B) if the Debtors were not retaining the aforementioned luxury items there would be a dividend available for their general

unsecured creditors.

14. By failing to list all their creditors and provide them with proper notice, failing to schedule all of their assets, and retaining luxury goods the Debtors actions show a lack of good faith in proposing the Second Amended Plan.

15. Further, the Debtors have not demonstrated how their needs or the nature of their ability to generate income is dependent on ownership of all the Yukon, the Canyon, the motorbike, and the storage unit. Therefore, Mr. Faulhaber respectfully requests this Court deny confirmation of the Second Amended Plan on the grounds that it has not been proposed in good faith pursuant to 11 U.S.C. § 1325 and is underfunded and not feasible.

WHEREFORE, Mr. Faulhaber respectfully requests this Court deny confirmation of the Plan; and that the Court grant such other and further relief as the Court deems just and appropriate.

This the 15th day of August, 2024.

**WALDREP WALL BABCOCK & BAILEY PLLC**

s/ Ciara L. Rogers
Ciara L. Rogers
NC State Bar Number 42571
3600 Glenwood Ave, Suite 210
Raleigh, NC 27612
Telephone: (984) 480-2005
Email: crogers@waldrepwall.com
*Attorney for David Faulhaber*

## CERTIFICATE OF SERVICE

I, the undersigned, of Waldrep Wall Babcock & Bailey PLLC, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, the foregoing Objection to Confirmation was served by electronic means through the Court's CM/ECF service on:

>Travis Sasser, Esq.
>Attorney for Debtors
>
>Michael Bennett, Esq.
>Chapter 13 Trustee
>
>Kirsten Gardner, Esq.
>Office of the Bankruptcy Administrator

That on this day, I served a copy of the foregoing Objection to Confirmation on:

>Todd and Angela Selleck
>8078 US Highway 301 S
>Four Oaks, NC 27524

by depositing the same in the United States mail, first class, postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  August 15, 2024

>**WALDREP WALL BABCOCK & BAILEY PLLC**
>
>s/ Ciara L. Rogers
>Ciara L. Rogers
>NC State Bar Number 42571
>3600 Glenwood Ave, Suite 210
>Raleigh, NC 27612
>Telephone:  (984) 480-2005
>Email: crogers@waldrepwall.com
>*Attorney for David Faulhaber*