UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
Raleigh DIVISION

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Todd Nolan Selleck, Sr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Angela Rene Selleck** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number: | **24-00934-5-PWM** | | |
| (If known) | | | |

☑ Check if this is an amended plan and list below the sections of the plan that have been changed.
**2.1, 2.3, 3.6, 4.2, 4.5, 8.1**

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed.*** **If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 The Debtor(s) shall make regular payments to the Trustee as follows:
$ **1,000.00** per **Month** for **3** months
$ **1,933.00** per **Month** for **1** months
$ **2,410.00** per **Month** for **56** months

| Debtor | **Todd Nolan Selleck, Sr.** | Case number | **24-00934-5-PWM** |
|---|---|---|---|
| | **Angela Rene Selleck** | | |

*(Insert additional line(s), if needed.)*

**2.2 Additional payments.** *(Check one.)*
   ☑ **None.** *(If "None" is checked, the rest of this section need not be completed or reproduced)*

**2.3 The total amount of estimated payments to the Trustee is $ 139,893.00 .**

**2.4 Adjustments to the Payment Schedule/Base Plan** *(Check one).*

   ☑ **None.**

   ☐ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **60** months, and the projected disposable income of the Debtor(s), as referenced to in 11 U.S.C. § 1325(b)(1)(B), is $ **-3,972.77** per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims. In this case, this amount is
$ **0.00**

## Part 3: Treatment of Secured Claims

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** *(Check one.)*
   ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   ☑ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| GM Financial | 2023 GMC Yukon 25000 miles | $1,251.12<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $1,172.50 | 0.00% |
| State Employees' Credit Union | 2022 GMC Canyon 34000 miles | $578.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Not provided for | 0.00% |
| State Employees' Credit Union | 8078 US Highway 301 S Four Oaks, NC 27524  Johnston County | $1,782.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $1,883.08 | 0.00% |
| State Employees' Credit Union | 8078 US Highway 301 S Four Oaks, NC 27524  Johnston County | $912.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | 0.00% |

*Insert additional claims as needed.*

| Debtor | Todd Nolan Selleck, Sr. |  | Case number | 24-00934-5-PWM |
|---|---|---|---|---|
|  | Angela Rene Selleck |  |  |  |

☐ **Other.** *(Check all that apply, and explain.)* The Debtor(s):
(a) ☐ do intend to seek a mortgage modification with respect to the following loan(s) listed above:

_____

(b) ☐ do not intend to seek mortgage loan modification of any of the mortgage loans listed above;

(c) ☐ intend to: _____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | Basis (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| Johnston County Tax Collector | 8078 US Highway 301 S Four Oaks, NC 27524 Johnston County | $7,380.42 | 9.00% | Other |

*Insert additional claims as needed.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
☑ The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| Ally Financial | 2021 GMC Sierra 85000 miles |
| Freedom Road Financial | 2023 KTM 450sxf |
| Kubota Credit Corporation | Front loader and accesssories. |
| Sheffield Financial | 2023 Freedom Enclosed Cargo Trailer |
| Sheffield Financial | 2022 BWISE Dump Trailer |
| Yamaha Motor Corp. | 2022 Yamaha 450 CC |

*Insert lines for additional creditors and collateral, as needed.*

| Debtor | Todd Nolan Selleck, Sr. | Case number | 24-00934-5-PWM |
|--------|-------------------------|-------------|----------------|
|        | Angela Rene Selleck     |             |                |

### Part 4: Treatment of Fees and Priority Claims

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions**, the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be **8.00** % of amounts disbursed by the Trustee under the plan and are estimated to total $ **11,191.44** .

**4.3 Debtor(s)' Attorney's Fees.** *(Check one below, as appropriate.)*

☑ Debtor(s)' attorney has agreed to accept as a base fee $ **6,838.00** , of which $ **0.00** was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ **6,838.00** be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**

☐ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim For: | Estimated Claim Amount |
|---------------|------------|------------------------|
| Internal Revenue Service | Taxes and certain other debts | $97,257.30 |
| Keeley Caverno | Deposits by individuals | $3,350.00 |
| NC Department of Revenue | Taxes and certain other debts | $8,954.22 |

### Part 5: Unsecured Non-priority Claims

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*

☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court. *(Check one.)*

☐ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
☑ The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured *(if any)* | Interest Rate On Arrears | Term of Cure *(# of mos.)* | Current Monthly Payment | Contract or Lease Ends *(mm/yyyy)* |
|----------------------|---------------------------|--------|---------------------------------------------|--------------------------|----------------------------|-------------------------|------------------------------------|

| Debtor | Todd Nolan Selleck, Sr. | | | Case number | 24-00934-5-PWM |
|---|---|---|---|---|---|
| | Angela Rene Selleck | | | | |

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured *(if any)* | Interest Rate On Arrears | Term of Cure *(# of mos.)* | Current Monthly Payment | Contract or Lease Ends *(mm/yyyy)* |
|---|---|---|---|---|---|---|---|
| Top Line RTO, LLC | 12 x 24 portable storage building | A | $1,511.37 | 0.00% | 8 | $503.79 | / / |

*Insert additional leases or contracts, as needed.*

### Part 7: Miscellaneous Provisions

7.1 **Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
- [✓] plan confirmation.
- [ ] discharge
- [ ] other: _____

7.2 **Use, Sale, or Lease of Property:** The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7.3 **Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

7.4 **Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

### Part 8: Nonstandard Plan Provisions

8.1 **Check "None" or List Nonstandard Plan Provisions.**

- [ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.*

Under Bankruptcy Rule 3015(c), nonstandard plan provisions <u>must</u> be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. **Nonstandard provisions set out elsewhere in this plan are <u>ineffective</u>.** The following are the nonstandard provisions of this plan:

**The liquidation test of 11 USC 1325(a)(4) assumes a 6% cost of sale for real property and a 10% cost of sale for personal property.**

**Plan provision 7.2 shall not apply.**

**EDNC LBR 4002-1(g)(4) shall not apply post-confirmation.**

**Plan provision 10 of the ORDER AND NOTICE TO DEBTOR issued by the court on March 22, 2024 (DE 7) shall not apply post-confirmation.**

*Insert lines, as needed.*

*No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.*

### Part 9: Signatures

9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s)' signatures are optional. The attorney for Debtor(s), if any, must sign below.

| | | | |
|---|---|---|---|
| Debtor | **Todd Nolan Selleck, Sr.** <br> **Angela Rene Selleck** | Case number | **24-00934-5-PWM** |

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

**X  /s/ Travis Sasser**                                  Date  **August 20, 2024**
**Travis Sasser 26707**                                                  MM/DD/YYYY
Signature of Attorney for Debtor(s)

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TODD NOLAN SELLECK, SR.,　　　　　　CASE NO. 24-00934-5-PWM
ANGELA RENE SELLECK,　　　　　　　　CHAPTER 13

　　　DEBTORS

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that a MOTION has been filed by the Debtors. A copy of the motion accompanies this notice.

TAKE NOTICE FURTHER that pursuant to the Local Rules of the United States Bankruptcy Court for the Eastern District of North Carolina, you have fourteen (14) days from the date of this Notice of Motion to file a responsive pleading to the attached Motion. You must file your response with the Clerk, United States Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602 with a copy to the undersigned. Any such responsive pleading must contain a request for a hearing if, indeed, you wish to be heard by the Court. Unless a hearing is specifically requested in a responsive pleading, the attached Motion may be determined, and final Orders entered by the court without a hearing.

Dated: August 20, 2024

　　　　　　　　　　　　　　　　　　　/s/ Travis Sasser
　　　　　　　　　　　　　　　　　　　Travis Sasser
　　　　　　　　　　　　　　　　　　　Attorney for Debtors
　　　　　　　　　　　　　　　　　　　State Bar No. 26707
　　　　　　　　　　　　　　　　　　　2000 Regency Parkway, Suite 230
　　　　　　　　　　　　　　　　　　　Cary, NC 27518
　　　　　　　　　　　　　　　　　　　Tel: 919.319.7400
　　　　　　　　　　　　　　　　　　　Fax: 919.657.7400
　　　　　　　　　　　　　　　　　　　travis@sasserbankruptcy.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**TODD NOLAN SELLECK, SR.,**　　　　　**CASE NO. 24-00934-5-PWM**
**ANGELA RENE SELLECK,**　　　　　　　**CHAPTER 13**

　　　　**DEBTORS**

## NOTICE OF AMENDED CHAPTER 13 PLAN AND RESCHEDULED CONFIRMATION HEARING

　　　NOTICE IS HEREBY GIVEN that an Amended Chapter 13 Plan has been filed. A copy of the Amended Chapter 13 Plan accompanies this notice.

　　　TAKE NOTICE FURTHER that pursuant to the Local Rules and General Orders of the United States Bankruptcy Court for the Eastern District of North Carolina, you have until seven days prior to the confirmation hearing date set forth below to file an Objection to the attached Amended Plan if you so desire. If an Objection is filed, a hearing on this Amended Plan will be heard at the United States Bankruptcy Court, Eastern District of North Carolina, Raleigh Division, located at the Century Station Federal Building, 300 Fayetteville Street, Raleigh, North Carolina 27601 in the 2nd Floor Courtroom starting at 10:30 AM on September 12, 2024. You must file your Objection with the Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602 with a copy to the undersigned. Any such Objection should contain a request for a hearing if, indeed, you wish to be heard by the Court. Unless a hearing is specifically requested in an Objection, the attached Amended Plan may be determined, and final Orders entered by the court without hearing from you.

　　　Dated: August 20, 2024

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Travis Sasser
　　　　　　　　　　　　　　　　　　　　　　　　Travis Sasser
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtors
　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 26707
　　　　　　　　　　　　　　　　　　　　　　　　2000 Regency Parkway, Suite 230
　　　　　　　　　　　　　　　　　　　　　　　　Cary, North Carolina 27518
　　　　　　　　　　　　　　　　　　　　　　　　Tel: 919.319.7400
　　　　　　　　　　　　　　　　　　　　　　　　Fax: 919.657.7400
　　　　　　　　　　　　　　　　　　　　　　　　travis@sasserbankruptcy.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice and accompanying documents was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

*ALL PARTIES ON ATTACHED MATRIX via U.S. Mail.*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 20, 2024

/s/ Travis Sasser
Travis Sasser
Attorney for Debtors
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

Label Matrix for local noticing
0417-5
Case 24-00934-5-PWM
Eastern District of North Carolina
Raleigh
Tue Aug 20 09:25:20 EDT 2024

AmeriCredit Financial Services, Inc dba GM F
PO Box 183853
Arlington, TX 76096-3853

Affirm Incorporated
Attn: Managing Agent/ Bankruptcy
650 California Street FL 12
San Francisco, CA 94108-2716

Ally Financial
Managing Agent/Bankruptcy
P.O. Box 380901
Minneapolis, MN 55438-0901

American Express
Attn: Managing Agent/Bankruptcy
P.O. Box 981535
El Paso, TX 79998-1535

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Barclays Bank Delaware
Attn: Managing Agent/Bankruptcy
PO Box 8803
Wilmington, DE 19899-8803

Capital One
Attn: Managing Agent/Bankruptcy
PO Box 31293
Salt Lake City, UT 84131-0293

Charles D. Waters
Nguyen Ballato
2201 Libbie Ave
Richmond, VA 23230-2364

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

Ally Bank
c/o AIS Portfolio Services, LP
4515 N Santa Fe Avenue
Dept. APS
Oklahoma City, OK 73118-7901

State Employees' Credit Union
PO Box 25279
Raleigh, NC 27611-5279

Affirm, Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN
PO BOX 183853
ARLINGTON TX 76096-3853

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Atlantic Builders & Design, LLC
11760 NC 210
Suite 210
Benson, NC 27504

Bull City Financial Solutions, Inc.
Attn: Managing Agent/Bankruptcy
2609 North Duke Street #500
Durham, NC 27704-0015

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Ciara Rogers
Waldrep Wall Babcock & Bailey PLLC
3600 Glenwood Avenue
Suite 210
Raleigh, NC 27612-4952

Comenity Capital Bank
Attn: Managing Agent
PO Box 183043
Columbus, OH 43218-3043

Ally Financial
c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

U. S. Bankruptcy Court
300 Fayetteville Street, 4th Floor
P.O. Box 791
Raleigh, NC 27602-0791

Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

American Collections Enterprise, In
Attn: Managing Agent
205 S Whiting Street # 500
Alexandria, VA 22304-3632

Apple Card/GS Bank
Attn: Managing Agent/Bankruptcy
Lockbox 6112 PO Box 7247
Philadelphia, PA 19170-6112

Atlantic Builders and Design
8078 US Highway 301 S
Four Oaks, NC 27524-7624

Caine & Weiner
Attn: Managing Agent/Bankruptcy
12005 Ford Road 300
Dallas, TX 75234-7262

Celtic Bank
Attn: Managing Agent
268 South State Strret, Suite 300
Salt Lake City, UT 84111-5314

CitiBank, Bankruptcy Department
Attn: Bankruptcy Department
PO BOX 790034
Saint Louis, MO 63179-0034

Consumer Link
Attn: Managing Agent/Bankruptcy
PO Box 65103
Baltimore, MD 21264-5103

ConsumerLink
Attn: Managing Agent
65103
Baltimore, MD 21264-0001

Credit One Bank
Attn: Managing Agent/Bankruptcy
Post Office Box 60500
City of Industry, CA 91716-0500

David Faulhaber
Waldrep Wall Babcock & Bailey PLLC
3600 Glennwood Avenue
Suite 210
Raleigh, NC 27612-4952

Emerge Ortho, PA
Attn: Managing Agent/Bankruptcy
910 West Williams Street
Apex, NC 27502-5201

Freedom Road Financial
Attn: Managing Agent/Bankruptcy
10509 Professional Circle
Reno, NV 89521-4883

FreedomRoad Financial
10509 Professional Circle Ste 100
Reno, NV 89521-4883

Fundworks
Attn: Managing Agent/ Bankruptcy
299 South Main Street, Ste 1300
Salt Lake City, UT 84111-2241

GM Financial
Attn: Managing Agent/Bankruptcy
PO Box 181145
Arlington, TX 76096-1145

Global Funding
Attn: Managing Agent/ Bankruptcy
10360 SW 186th St.
Miami, FL 33197-5001

Goldman Sachs and Co
Attn:  Managing Agent/Bankruptcy
PO Box 70321
Philadelphia, PA 19176-0321

Grace Care, LLC
Attn: Managing Agent/Bankruptcy
Post Office Box 1410
Solomons, MD 20688-1410

Horizon Family Medicine
Attn: Managing Agent/Bankruptcy
PO Box 650249
Dallas, TX 75265-0249

Horizon Family Medicine, PA
Attn: Managing Agent/Bankruptcy
410 Cantebury Road
Smithfield, NC 27577-4861

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Johnston County Tax Collector
Attn: Bankruptcy Department
Post Office Box 451
Smithfield, NC 27577-0451

Kapitus LLC
Attn: Managing Agent/Bankruptcy
2500 Wilson Boulevard Suite 350
Arlington, VA 22201-3873

Keeley Caverno
5808 Bayberry Lane
Raleigh, NC 27612-2881

Kubota Credit Corporation
Attn: Managing Agent/Bankruptcy
1000 Kubota Drive
Grapevine, TX 76051-2334

Kubota Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)LABORATORY CORPORATION OF AMERICA
ATTN GOVERNMENT AUDITS
PO BOX 2270
BURLINGTON NC 27216-2270

Medical Payment Data
Attn: Managing Agent/Bankruptcy
645 Walnut St. Ste 5
Gadsden, AL 35901-4173

NC Department of Revenue
Office Serv. Div., Bankruptcy Unit
Post Office Box 1168
Raleigh., NC 27602-1168

NC Quick Pass
Attn: Managing Agent/Bankruptcy
200 Sorrell Grove Church Rd, Ste A
Morrisville, NC 27560-9543

New Vista Capital
Attn: Managing Agent/Bankruptcy
1950 Rutgers University Blvd St. 20
Lakewood, NJ 08701-4537

North Carolina Department of Revenu
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

PayPal, Inc.,
Attn: Bankrupty notice
P.O. Box 45950
Omaha, NE 68145-0950

Progressive Insurance
Attn: Managing Agent/ Bankruptcy
6300 Wilson Mills Rd.
Cleveland, OH 44143-2182

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA 98083-0788

Quest Diagnostics
Attn: Managing Agent
10101 Renner Boulevard
Lenexa, KS 66219-4700

Radius Global Solutions, LLC
Attn: Managing Agent/Bankruptcy
Post Office Box 390846
Minneapolis, MN 55439-0846

Raleigh Durham Medical Group PA
Attn: Managing Agent/Bankruptcy
Post Office Box 735528
Dallas, TX 75373-5528

Raleigh Durham Medical Group PA
Attn: Managing Agent/Bankruptcy
Post Office Box 94670
Oklahoma City, OK 73143-4670

Reliant Funding
Attn: Managing Agent/ Bankruptcy
9540 Towne Center Drive, Suite 200
San Diego, CA 92121-1996

Scotts RTO
Attn: Managing agent
PO Box 100
Melber, KY 42069-0100

Sheffield Financial
Attn: Managing Agent/Bankruptcy
Post Office Box 1847
Wilson, NC 27894-1847

Sheffield Financial Corporation
Attn: Managing Agent
P. O. Box 1847
Wilson, NC 27894-1847

Sheffield Financial, a division of Truist Ba
PO Box 1847
Wilson, NC 27894-1847

State Employees Credit Union
Attn Bankruptcy Department
PO Box 25279
Raleigh, NC 27611-5279

State Employees' Credit Union
Attn: Bankruptcy Department
PO Box 26927
Raleigh, NC 27611-6927

Synchrony Bank
Attn: Bankrutpcy Department
PO Box 965061
Orlando, FL 32896-5064

Synchrony Bank
by AIS InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

(p)TD BANK USA N A
ATTN C/O WEINSTEIN & RILEY P S
1415 WESTERN AVE
SUITE #700
SEATTLE WA 98101-2051

TD Bank USA/Target Card
Attn: Managing Agent/Bankruptcy
Post Office Box 673
Minneapolis, MN 55440-0673

The Fundworks LLC
c/o Dedicated Financial GBC
4000 Lexington Ave N, Ste 125
Shoreview, MN 55126-3153

Top Line RTO, LLC
PO Box 100
Melber, KY 42069-0100

Top Line RTO, LLC
c/o Hagwood and Tipton P.C.
P.O. Box 726
Paris, TN 38242-0726

UNC Health Care
Attn: Managing Agent/Bankruptcy
PO BOX 1123
Minneapolis, MN 55440-1123

Wake Emergency Physicians/ Billing
Attn: Bankruptcy Department
8 Oak Park Drive
Bedford, MA 01730-1414

Wake Radiology
Attn: Managing Agent/Bankruptcy
PO Box 603435
Charlotte, NC 28260-3435

Wells Fargo
Attn: Bankruptcy Department
P. O. Box 3908
Portland, OR 97208-3908

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Yamaha Motor Corp.
Attn: Managing Agent
Post Office Box 60107
City Of Industry, CA 91716-0107

Yamaha Motor Fin c/o Peritus Portfolio Svcs
P.O. Box 141419
Irving, TX 75014-1419

(p)CAPITAL ON TAP
675 PONCE DE LEON AVE NE
STE 8500
ATLANTA GA 30308-1884

Angela Rene Selleck
8078 US Highway 301 S
Four Oaks, NC 27524-7624

```
Michael Burnett                    Todd Nolan Selleck Sr.           Travis Sasser
Office of the Chapter 13 Trustee   8078 US Highway 301 S            2000 Regency Parkway, Suite 230
P.O. Box 61039                     Four Oaks, NC 27524-7624         Cary, NC 27518-8508
Raleigh, NC 27661-1039
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
AmeriCredit Financial Services, Inc.   Jefferson Capital Systems LLC   (d)Jefferson Capital Systems, LLC
dba GM Financial                       Po Box 7999                     Attn: Managing Agent/Bankruptcy
P O Box 183853                         Saint Cloud MN 56302-9617       Post Office Box 7999
Arlington, TX 76096                                                    Saint Cloud, MN 56302-7999

LabCorp                                PORTFOLIO RECOVERY ASSOCIATES, LLC   T Mobile Bankruptcy Department
Attn: Managing Agent                   POB 41067                            Attn: Bankruptcy Department
PO Box 2240                            Norfolk, VA 23541                    P.O. Box 53410
Burlington, NC 27216-2100                                                   Bellevue, WA 98015-3410

TD Bank USA, N.A.                      capital on tap
C/O Weinstein & Riley, P.S.            Attn: Managing Agent
1415 WESTERN AVE, SUITE 700            675 Ponce De Leon Ave NE #8500,
SEATTLE, WA 98101                      Atlanta, GA 30308
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Kubota Credit Corporation          (u)David Faulhaber              (d)Keeley Caverno
                                                                      5808 Bayberry Lane
                                                                      Raleigh, NC 27612-2881


End of Label Matrix
Mailable recipients    92
Bypassed recipients     3
Total                  95
```