UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
<u>Raleigh</u> DIVISION

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Todd Nolan Selleck, Sr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Angela Rene Selleck** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number: | **24-00934-5-PWM** | | |
| (If known) | | | |

☑ Check if this is an amended plan and list below the sections of the plan that have been changed.
**2.1, 2.3, 3.6, 4.2, 4.5, 8.1**

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed.*** **If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 The Debtor(s) shall make regular payments to the Trustee as follows:

$ **1,500.00** per **Month** for **7** months
$ **2,000.00** per **Month** for **6** months
$ **2,500.00** per **Month** for **6** months
$ **5,445.00** per **Month** for **41** months

*(Insert additional line(s), if needed.)*

| Debtor | **Todd Nolan Selleck, Sr.** | Case number | **24-00934-5-PWM** |
|---|---|---|---|
| | **Angela Rene Selleck** | | |

2.2 **Additional payments.** (*Check one.*)
    ☑ None. (*If "None" is checked, the rest of this section need not be completed or reproduced*)

2.3 The total amount of estimated payments to the Trustee is $ **260,745.00**.

2.4 **Adjustments to the Payment Schedule/Base Plan** (*Check one*).

    ☐ None.

    ☑ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

2.5 **Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **60** months, and the projected disposable income of the Debtor(s), as referenced to in 11 U.S.C. § 1325(b)(1)(B), is $ **-3,972.77** per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims. In this case, this amount is $ **111,156.26 [as to joint unsecured general claims, see para. 8.1\*].**

## Part 3: Treatment of Secured Claims

3.1 **Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
    (a) payment of the underlying debt determined under nonbankruptcy law, or
    (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

3.2 **Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
    ☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
    ☑ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if applicable) |
|---|---|---|---|---|
| GM Financial | 2023 GMC Yukon 25000 miles | $1,251.12<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $1,172.50 | 0.00% |
| State Employees' Credit Union | 2022 GMC Canyon 34000 miles | $578.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Not provided for | 0.00% |
| State Employees' Credit Union | 8078 US Highway 301 S Four Oaks, NC 27524  Johnston County | $1,782.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $1,883.08 | 0.00% |
| State Employees' Credit Union | 8078 US Highway 301 S Four Oaks, NC 27524  Johnston County | $912.00<br>To be disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | 0.00% |

*Insert additional claims as needed.*

| Debtor | Todd Nolan Selleck, Sr.<br>Angela Rene Selleck | Case number | 24-00934-5-PWM |
|---|---|---|---|

☐ **Other.** *(Check all that apply, and explain.)* The Debtor(s):
   **(a)** ☐   do intend to seek a mortgage modification with respect to the following loan(s) listed above:

   **(b)** ☐   do not intend to seek mortgage loan modification of any of the mortgage loans listed above;

   **(c)** ☐   intend to: _____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

   ☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

   ☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims");
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | *Basis* (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| Johnston County Tax Collector | 8078 US Highway 301 S Four Oaks, NC 27524  Johnston County | $7,380.42 | 9.00% | Other |

*Insert additional claims as needed.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

   ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
   ☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
   ☑ The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| Ally Financial | 2021 GMC Sierra 85000 miles |
| Freedom Road Financial | 2023 KTM 450sxf |
| Kubota Credit Corporation | Front loader and accesssories. |
| Sheffield Financial | 2023 Freedom Enclosed Cargo Trailer |
| Sheffield Financial | 2022 BWISE Dump Trailer |
| Yamaha Motor Corp. | 2022 Yamaha 450 CC |

*Insert lines for additional creditors and collateral, as needed.*

**Part 4:  Treatment of Fees and Priority Claims**

| Debtor | **Todd Nolan Selleck, Sr.** | Case number | **24-00934-5-PWM** |
|---|---|---|---|
| | **Angela Rene Selleck** | | |

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions**, the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**8.00**__ % of amounts disbursed by the Trustee under the plan and are estimated to total $ __**20,859.60**__ .

**4.3 Debtor(s)' Attorney's Fees.** *(Check one below, as appropriate.)*
- [✓] Debtor(s)' attorney has agreed to accept as a base fee $ __**6,838.00**__ , of which $ __**0.00**__ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ __**6,838.00**__ be paid through the plan.
- [ ] The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*
- [✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
- [ ] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
- [✓] Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim For: | Estimated Claim Amount |
|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | $97,257.30 |
| Keeley Caverno | Deposits by individuals | $3,350.00 |
| NC Department of Revenue | Taxes and certain other debts | $8,954.22 |

**Part 5: Unsecured Non-priority Claims**

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non-priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
- [✓] **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

**Part 6: Executory Contracts and Unexpired Leases**

**6.1** The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court. *(Check one.)*

- [ ] **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
- [✓] The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured (if any) | Interest Rate On Arrears | Term of Cure (# of mos.) | Current Monthly Payment | Contract or Lease Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| Top Line RTO, LLC | 12 x 24 portable storage building | A | $1,511.37 | 0.00% | 9 | $503.79 | / / |

| Debtor | Todd Nolan Selleck, Sr.<br>Angela Rene Selleck | Case number | 24-00934-5-PWM |
|---|---|---|---|

*Insert additional leases or contracts, as needed.*

## Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
- [✓] plan confirmation.
- [ ] discharge
- [ ] other: _____

**7.2 Use, Sale, or Lease of Property:** The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

- [ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.*

Under Bankruptcy Rule 3015(c), nonstandard plan provisions *must* be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective.** The following are the nonstandard provisions of this plan:

**\*To meet the liquidation test requirements of 11 USC 1325(a)(4), the joint equity in real property in the total amount of $111,156.26 shall be disbursed on a pro rata basis between the unsecured general claims of the Internal Revenue Service (Court claim #46) and of the NC Department of Revenue (Court claim #48).**

**The liquidation test of 11 USC 1325(a)(4) assumes a 6% cost of sale for real property and a 10% cost of sale for personal property.**

**Plan provision 7.2 shall not apply.**

*Insert lines, as needed.*

*No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.*

## Part 9: Signatures

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s)' signatures are optional. The attorney for Debtor(s), if any, must sign below.

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

| X | /s/ Travis Sasser | Date | October 11, 2024 |
|---|---|---|---|
| | Travis Sasser 26707 | | MM/DD/YYYY |
| | Signature of Attorney for Debtor(s) | | |

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TODD NOLAN SELLECK, SR.,　　　　　　　　CASE NO. 24-00934-5-PWM
ANGELA RENE SELLECK,　　　　　　　　　　CHAPTER 13

　　　　　　DEBTORS

## NOTICE OF AMENDED CHAPTER 13 PLAN AND RESCHEDULED CONFIRMATION HEARING

　　　　NOTICE IS HEREBY GIVEN that an Amended Chapter 13 Plan has been filed. A copy of the Amended Chapter 13 Plan accompanies this notice.

　　　　TAKE NOTICE FURTHER that pursuant to the Local Rules and General Orders of the United States Bankruptcy Court for the Eastern District of North Carolina, you have until seven days prior to the confirmation hearing date set forth below to file an Objection to the attached Amended Plan if you so desire. If an Objection is filed, a hearing on this Amended Plan will be heard at the **United States Bankruptcy Court, Eastern District of North Carolina, Raleigh Division, located at the Century Station Federal Building, 300 Fayetteville Street, Raleigh, North Carolina 27601 in the 2nd Floor Courtroom starting at 10:30 AM on November 5, 2024.** You must file your Objection with the Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602 with a copy to the undersigned. Any such Objection should contain a request for a hearing if, indeed, you wish to be heard by the Court. Unless a hearing is specifically requested in an Objection, the attached Amended Plan may be determined, and final Orders entered by the court without hearing from you.

　　　　Dated: October 11, 2024.

　　　　　　　　　　　　　　　　　　　　　　/s/ Travis Sasser
　　　　　　　　　　　　　　　　　　　　　　Travis Sasser
　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtors
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 26707
　　　　　　　　　　　　　　　　　　　　　　2000 Regency Parkway, Suite 230
　　　　　　　　　　　　　　　　　　　　　　Cary, North Carolina 27518
　　　　　　　　　　　　　　　　　　　　　　Tel: 919.319.7400
　　　　　　　　　　　　　　　　　　　　　　Fax: 919.657.7400
　　　　　　　　　　　　　　　　　　　　　　travis@sasserbankruptcy.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice and accompanying documents was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

| Chapter 13 Trustee<br>*Served Electronically* |
|---|
| **Todd Selleck, Sr.**<br>**Angela Selleck**<br>*Served Electronically* |

*ALL PARTIES ON ATTACHED MATRIX via U.S. Mail.*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 11, 2024.

/s/ Travis Sasser
Travis Sasser
Attorney for Debtors
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 24-00934-5-PWM<br>Eastern District of North Carolina<br>Raleigh<br>Wed Oct  9 12:29:14 EDT 2024 | Ally Bank<br>c/o AIS Portfolio Services, LP<br>4515 N Santa Fe Avenue<br>Dept. APS<br>Oklahoma City, OK 73118-7901 | Ally Financial<br>c/o AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| AmeriCredit Financial Services, Inc dba GM F<br>PO Box 183853<br>Arlington, TX 76096-3853 | Bankruptcy Administrator<br>Two Hannover Square, Ste. 640<br>434 Fayetteville Street<br>Raleigh, NC 27601-1701 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| State Employees' Credit Union<br>PO Box 25279<br>Raleigh, NC 27611-5279 | U. S. Bankruptcy Court<br>300 Fayetteville Street, 4th Floor<br>P.O. Box 791<br>Raleigh, NC 27602-0791 | Affirm Incorporated<br>Attn: Managing Agent/ Bankruptcy<br>650 California Street FL 12<br>San Francisco, CA 94108-2716 |
| Affirm, Inc.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Ally Bank c/o AIS Portfolio Services, LLC<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Ally Financial<br>Managing Agent/Bankruptcy<br>P.O. Box 380901<br>Minneapolis, MN 55438-0901 |
| (p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | American Collections Enterprise, In<br>Attn: Managing Agent<br>205 S Whiting Street # 500<br>Alexandria, VA 22304-3632 | American Express<br>Attn: Managing Agent/Bankruptcy<br>P.O. Box 981535<br>El Paso, TX 79998-1535 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | Apple Card/GS Bank<br>Attn: Managing Agent/Bankruptcy<br>Lockbox 6112 PO Box 7247<br>Philadelphia, PA 19170-6112 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Atlantic Builders & Design, LLC<br>11760 NC 210<br>Suite 210<br>Benson, NC 27504 | Atlantic Builders and Design<br>8078 US Highway 301 S<br>Four Oaks, NC 27524-7624 | Barclays Bank Delaware<br>Attn: Managing Agent/Bankruptcy<br>PO Box 8803<br>Wilmington, DE 19899-8803 |
| Bull City Financial Solutions, Inc.<br>Attn: Managing Agent/Bankruptcy<br>2609 North Duke Street #500<br>Durham, NC 27704-0015 | Caine & Weiner<br>Attn: Managing Agent/Bankruptcy<br>12005 Ford Road 300<br>Dallas, TX 75234-7262 | Capital One<br>Attn: Managing Agent/Bankruptcy<br>PO Box 31293<br>Salt Lake City, UT 84131-0293 |
| Capital One N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Celtic Bank<br>Attn: Managing Agent<br>268 South State Strret, Suite 300<br>Salt Lake City, UT 84111-5314 | Charles D. Waters<br>Nguyen Ballato<br>2201 Libbie Ave<br>Richmond, VA 23230-2364 |
| Ciara Rogers<br>Waldrep Wall Babcock & Bailey PLLC<br>3600 Glenwood Avenue<br>Suite 210<br>Raleigh, NC 27612-4952 | CitiBank, Bankruptcy Department<br>Attn: Bankruptcy Department<br>PO BOX 790034<br>Saint Louis, MO 63179-0034 | Citibank N.A.<br>Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 |

Comenity Capital Bank
Attn: Managing Agent
PO Box 183043
Columbus, OH 43218-3043

Consumer Link
Attn: Managing Agent/Bankruptcy
PO Box 65103
Baltimore, MD 21264-5103

ConsumerLink
Attn: Managing Agent
65103
Baltimore, MD 21264-0001

Credit One Bank
Attn: Managing Agent/Bankruptcy
Post Office Box 60500
City of Industry, CA 91716-0500

David Faulhaber
Waldrep Wall Babcock & Bailey PLLC
3600 Glennwood Avenue
Suite 210
Raleigh, NC 27612-4952

Emerge Ortho, PA
Attn: Managing Agent/Bankruptcy
910 West Williams Street
Apex, NC 27502-5201

Freedom Road Financial
Attn: Managing Agent/Bankruptcy
10509 Professional Circle
Reno, NV 89521-4883

FreedomRoad Financial
10509 Professional Circle Ste 100
Reno, NV 89521-4883

Fundworks
Attn: Managing Agent/ Bankruptcy
299 South Main Street, Ste 1300
Salt Lake City, UT 84111-2241

GM Financial
Attn: Managing Agent/Bankruptcy
PO Box 181145
Arlington, TX 76096-1145

Global Funding
Attn: Managing Agent/ Bankruptcy
10360 SW 186th St.
Miami, FL 33197-5001

Goldman Sachs and Co
Attn: Managing Agent/Bankruptcy
PO Box 70321
Philadelphia, PA 19176-0321

Grace Care, LLC
Attn: Managing Agent/Bankruptcy
Post Office Box 1410
Solomons, MD 20688-1410

Horizon Family Medicine
Attn: Managing Agent/Bankruptcy
PO Box 650249
Dallas, TX 75265-0249

Horizon Family Medicine, PA
Attn: Managing Agent/Bankruptcy
410 Cantebury Road
Smithfield, NC 27577-4861

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Johnston County Tax Collector
Attn: Bankruptcy Department
Post Office Box 451
Smithfield, NC 27577-0451

Kapitus LLC
Attn: Managing Agent/Bankruptcy
2500 Wilson Boulevard Suite 350
Arlington, VA 22201-3873

Keeley Caverno
5808 Bayberry Lane
Raleigh, NC 27612-2881

Kubota Credit Corporation
Attn: Managing Agent/Bankruptcy
1000 Kubota Drive
Grapevine, TX 76051-2334

Kubota Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)LABORATORY CORPORATION OF AMERICA
ATTN GOVERNMENT AUDITS
PO BOX 2270
BURLINGTON NC 27216-2270

Medical Payment Data
Attn: Managing Agent/Bankruptcy
645 Walnut St. Ste 5
Gadsden, AL 35901-4173

NC Department of Revenue
Office Serv. Div., Bankruptcy Unit
Post Office Box 1168
Raleigh., NC 27602-1168

NC Quick Pass
Attn: Managing Agent/Bankruptcy
200 Sorrell Grove Church Rd, Ste A
Morrisville, NC 27560-9543

New Vista Capital
Attn: Managing Agent/Bankruptcy
1950 Rutgers University Blvd St. 20
Lakewood, NJ 08701-4537

North Carolina Department of Revenu
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

```
PayPal, Inc.,                         Progressive Insurance                 Quantum3 Group LLC as agent for
Attn: Bankrupty notice                Attn: Managing Agent/ Bankruptcy      Comenity Capital Bank
P.O. Box 45950                        6300 Wilson Mills Rd.                 PO Box 788
Omaha, NE 68145-0950                  Cleveland, OH 44143-2182              Kirkland, WA  98083-0788


Quest Diagnostics                     Radius Global Solutions, LLC          Raleigh Durham Medical Group PA
Attn: Managing Agent                  Attn: Managing Agent/Bankruptcy       Attn: Managing Agent/Bankruptcy
10101 Renner Boulevard                Post Office Box 390846                Post Office Box 735528
Lenexa, KS 66219-4700                 Minneapolis, MN 55439-0846            Dallas, TX 75373-5528


Raleigh Durham Medical Group PA       Reliant Funding                       Scotts RTO
Attn: Managing Agent/Bankruptcy       Attn: Managing Agent/ Bankruptcy      Attn: Managing agent
Post Office Box 94670                 9540 Towne Center Drive, Suite 200    PO Box 100
Oklahoma City, OK 73143-4670          San Diego, CA 92121-1996              Melber, KY 42069-0100


Sheffield Financial                   Sheffield Financial Corporation       Sheffield Financial, a division of Truist Ba
Attn: Managing Agent/Bankruptcy       Attn: Managing Agent                  PO Box 1847
Post Office Box 1847                  P. O. Box 1847                        Wilson, NC 27894-1847
Wilson, NC 27894-1847                 Wilson, NC 27894-1847


State Employees Credit Union          State Employees' Credit Union         Synchrony Bank
Attn Bankruptcy Department            Attn: Bankruptcy Department           Attn: Bankrutpcy Department
PO Box 25279                          PO Box 26927                          PO Box 965061
Raleigh, NC 27611-5279                Raleigh, NC 27611-6927                Orlando, FL 32896-5064


Synchrony Bank                        (p)T MOBILE                           (p)TD BANK USA N A
by AIS InfoSource LP as agent         C O AMERICAN INFOSOURCE LP            ATTN C/O WEINSTEIN & RILEY P S
PO Box 4457                           4515 N SANTA FE AVE                   1415 WESTERN AVE
Houston, TX  77210-4457               OKLAHOMA CITY OK 73118-7901           SUITE #700
                                                                            SEATTLE WA 98101-2051


TD Bank USA/Target Card               The Fundworks LLC                     Top Line RTO, LLC
Attn: Managing Agent/Bankruptcy       c/o Dedicated Financial GBC           PO Box 100
Post Office Box 673                   4000 Lexington Ave N, Ste 125         Melber, KY 42069-0100
Minneapolis, MN 55440-0673            Shoreview, MN 55126-3153


Top Line RTO, LLC                     UNC Health Care                       Wake Emergency Physicians/ Billing
c/o Hagwood and Tipton P.C.           Attn: Managing Agent/Bankruptcy       Attn: Bankruptcy Department
P.O. Box 726                          PO BOX 1123                           8 Oak Park Drive
Paris, TN 38242-0726                  Minneapolis, MN 55440-1123            Bedford, MA 01730-1414


Wake Radiology                        Wells Fargo                           Wells Fargo Bank, N.A.
Attn: Managing Agent/Bankruptcy       Attn: Bankruptcy Department           PO Box 10438, MAC F8235-02F
PO Box 603435                         P. O. Box 3908                        Des Moines, IA 50306-0438
Charlotte, NC 28260-3435              Portland, OR 97208-3908


Yamaha Motor Corp.                    Yamaha Motor Fin c/o Peritus Portfolio Svcs   (p)CAPITAL ON TAP
Attn: Managing Agent                  P.O. Box 141419                       675 PONCE DE LEON AVE NE
Post Office Box 60107                 Irving, TX 75014-1419                 STE 8500
City Of Industry, CA 91716-0107                                             ATLANTA GA 30308-1884
```